UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM L. ANDREWS, JR.,

      Plaintiff,

      v.      Case No. 26-CV-7

DR. JOHN DOE, NURSE JOHN DOE 1,
NURSE JOHN DOE 2, and NURSE JOHN DOE 3,

      Defendants.

## SCREENING ORDER

Plaintiff William L. Andrews, Jr., who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $15.89. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At all times relevant to the complaint, Plaintiff was housed at the Milwaukee County Jail. On May 20, 2024, Plaintiff underwent a general healthcare physical with Dr. John Doe. During the exam, Dr. John Doe noticed that Plaintiff had two holes/cracks in two of his wisdom teeth. The teeth were cracked to the root. Dr. John Doe provided Plaintiff with Tylenol and ibuprofen for the pain. Compl. at 3, Dkt. No. 1.

From May 20 until November 9, 2024, Plaintiff wrote multiple grievances regarding his tooth pain. Each time he wrote a grievance, he was seen by a nurse. Plaintiff was seen by three different nurses: Nurse John Doe 1, Nurse John Doe 2, and Nurse John Doe 3. All three nurses told Plaintiff that his teeth were not infected, so they could not do anything for him. Plaintiff asked multiple times for his teeth to be pulled, but his requests were denied or ignored. On November 9, 2024, the left side of Plaintiff's face swelled up as a result of an abscess. *Id.* at 4. Plaintiff seeks monetary damages. *Id.* at 5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because it appears that Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegation that Defendants failed to adequately respond to his complaints of tooth pain. Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take

reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. With this standard in mind, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against Defendants Dr. John Doe, Nurse John Doe 1, Nurse John Doe 2, and Nurse John Doe 3 based on his allegation that they failed to adequately treat his complaints of tooth pain.

Because Plaintiff does not know the defendants' names, the Court will add Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping Plaintiff identify the defendants. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the complaint. After Sheriff Ball's attorney files a notice of appearance in this case, Plaintiff may serve discovery requests upon Sheriff Ball (by mailing the requests to her attorney at the address in the notice of appearance) to obtain information that will help him identify the defendants.

For example, Plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Plaintiff does not state a claim against Sheriff Ball, Plaintiff's discovery requests must be limited to information or documents that will

help him learn the defendants' names. Plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the defendants, he should file a motion to substitute the defendants' names for the John Doe placeholders. Generally, a plaintiff must file an amended complaint when adding a defendant, but because Plaintiff is *pro se* and his allegations against the defendants are clearly stated in the complaint, the Court will allow him to substitute the defendants' names for the placeholders. The Court will dismiss Sheriff Ball as a defendant once Plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to Plaintiff's complaint, the Court will set a deadline for discovery. During discovery, Plaintiff may serve discovery requests to obtain the information he believes he needs to prove his claim.

Plaintiff must identify the name of the John Doe Defendants within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss this case based on Plaintiff's failure to diligently pursue it. *See* Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Milwaukee County Sheriff Denita Ball shall be added as a Defendant for the limited purpose of helping Plaintiff identify the name of the John Doe Defendants. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of the complaint and this order shall be electronically sent today to Milwaukee County for service on Sheriff Ball.

**IT IS FURTHER ORDERED** that Sheriff Ball does not have to respond to the complaint; however, she shall respond to discovery requests that Plaintiff serves in an effort to identify the John Doe Defendants' names. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Plaintiff must identify the John Doe Defendants' names within 60 days of Sheriff Ball's attorney filing a notice of appearance. If Plaintiff does not identify the John Doe Defendants' names by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $334.11 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on February 4, 2026.

>s/ *Byron B. Conway*
>BYRON B. CONWAY
>United States District Judge